### J. C. GRIGSBY'S EX'R v. D. P. RATECAN.

**Malicious Prosecution—Abuse of Legal Process—Pleading.**

In an action for abusing the legal process of the law in order to legally compel a party to do a collateral thing, such as to give up his property, or to take his property under color of legal process, it is not necessary to allege and prove that the proceedings under which the property of plaintiff was seized had been terminated, nor that he was sued without probable cause.

**Malicious Prosecution—Abuse of Legal Process.**

It is an abuse of the legal process of the law to have goods seized under a distress warrant for rent not reserved in money.

APPEAL FROM BULLITT CIRCUIT COURT.

December 29, 1872.

OPINION BY JUDGE PETERS:

In an action for a malicious prosecution the plaintiff must show, in order to maintain the action, that the prosecution is at an end; but where the action (as in this case) is for abusing the

process of the law, in order illegally to compel a party to do a collateral thing, such as to give up his property, or to take his property under color of legal process, it is not necessary to allege and prove that the proceedings under which the property of the plaintiff was seized, was at an end, nor that they were sued without probable cause. 2 Greenleaf 452.

A slight examination of the petition in this case is quite sufficient to show that this is an action against appellant for suing out a distress warrant against appellee and thereby causing his property to be taken, when according to the facts stated in the warrant he had resorted to a remedy which the law did not authorize for the rent claimed to be unpaid as charged in the warrant was due and payable in "work" when it is expressly declared by the statute that rent reserved in money may be recovered by distress. Sec. 1, Article 2, Chapter 56, 2d Vol. R., page 92; and Sec. 4 of said article and chapter provides how a landlord whose rent is reserved in money after it is due may obtain a distress warrant, but where it is not reserved in money the remedy is by an action in contradistinction to distress. It was therefore an abuse of the process of the law to have the goods of appellant seized under the form of a distress warrant for rent not reserved in money.

Nor is that the only objection to the proceedings. The term of appellee did not expire till March, 1871, by the stipulations of his contract, or rather he had the whole year to repair the fencing, and the warrant was sued out three months before the lease ended.

Upon the subject of the instructions it is sufficient to say that after a careful examination of all of them, and they are numerous, we are satisfied that those which were given by the court presented the law quite as favorably for appellant as he had a right to ask them.

And, perceiving no error in the proceedings, the judgment must be *affirmed*.

*Lee Rodman, for appellant.*

*A. H. Field, for appellee.*